IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:20-00328

FCI MCDOWELL WARDEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

This case arose by order of United States Magistrate Judge Dwane L. Tinsley entered in case no. 1:20-cv-00273 on May 7, 2020, construing plaintiff's 28 U.S.C. § 2241 petition as an action under <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and ordering the Clerk to open a new case. In case no. 1:20-cv-00273, Magistrate Judge Tinsley also submitted a PF&R recommending dismissal of that action and denial (without prejudice) of the pending motion for a temporary restraining order. Petitioner there (plaintiff here) filed objections, arguing that he could proceed with his allegations under § 2241 and, alternatively, asking that his

petition be recharacterized as a mandamus petition.  On July 31, 2020, the court overruled petitioner's objections, adopted the PF&R in that case, and denied a certificate of appealability.

Meanwhile, the Clerk opened this case on May 7, 2020.  On May 8, 2020, Magistrate Judge Aboulhosn directed Plaintiff to "(1) amend his Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed in Forma Pauperis" by June 8, 2020.  (ECF No. 4.)  Specifically, Magistrate Judge Aboulhosn directed plaintiff to amend his complaint to name individual defendants and state specific facts as to how each defendant violated plaintiff's constitutional rights. (Id.)  Second, he notified plaintiff that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996) ("PLRA"), requires that inmates exhaust available administrative remedies prior to filing civil actions. (Id.)  Third, he notified plaintiff that he must either pay the court's filing fee ($350) and administrative fee ($50) totaling $400, or file an Application to Proceed Without Prepayment of Fees.  (Id.)  Finally, he notified plaintiff that failure to comply with the above requirements by June 8, 2020, would "result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.)

Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on December 2, 2020. (ECF No. 5.)  The PF&R noted that plaintiff had not filed his form complaint, paid the filing fee, or filed an Application to Proceed Without Prepayment of Fees, or otherwise responded to the court's order that was entered approximately seven months prior.  Therefore, the PF&R recommended that the court dismiss plaintiff's complaint (ECF No. 1) without prejudice, deny plaintiff's motion for a temporary restraining order (ECF No. 2), and remove this case from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On December 14, 2020, plaintiff, acting pro se, filed objections.  He says that some inmates have not been receiving mail and that FCI McDowell has been improperly photocopying inmates' mail and destroying the originals after thirty days.  He does not explicitly deny receiving the court's order of May 8, 2020, but he says that he has not responded to the order

3

because of the general issues with the mail at FCI McDowell that he describes.

Plaintiff goes on to argue that he should be allowed to proceed with his claim under 28 U.S.C. § 2241 and that he should not be required to exhaust his available administrative remedies.  For relief, he requests to proceed under § 2241 or to receive a certificate of appealability.  Notably, he does <u>not</u> request additional time to amend his complaint or additional time to pay the filing fees or apply to proceed *in Forma Pauperis* or Without Prepayment of Fees.  He does <u>not</u> say that he will comply with the court's order of May 8, 2020, and to date, he has evidently not done so.

Plaintiff objects to the construal of his claim as one under <u>Bivens</u>.  He says that the court should not interpret § 2241 "so narrowly."  (<u>See</u> ECF No. 6, at 2.)  In case no. 1:20-cv-00273, the court explained to plaintiff why he cannot proceed under § 2241.  Nevertheless, the court will do so once again here.

The issue of whether a prisoner may challenge the conditions of confinement in a habeas proceeding has not been definitively resolved by the Supreme Court.  <u>Compare</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973) (recognizing that habeas corpus might possibly be available to challenge prison conditions), and <u>Wilwording v. Swenson</u>, 404 U.S. 249, 249-51

(1971) (recognizing challenges to prison "living conditions and disciplinary measures" are "cognizable in federal habeas corpus"), with Muhammad v. Close, 540 U.S. 749, 750 (2004) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."), and Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). Just last year, the United States Court of Appeals for the Fourth Circuit noted that "this is an unsettled question of law among our sister circuits" and acknowledged that it has "yet to address this issue in a published opinion." Farabee v. Clarke, No. 18-6648, No. 18-7225, No. 18-7228, 2020 WL 4197527, *12 (4th Cir. July 22, 2020).

In answering this open question, the Fourth Circuit has consistently, albeit never directly, concluded that most conditions of confinement claims are not cognizable in habeas proceedings. See, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265-66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of

5

Case 1:20-cv-00328   Document 7   Filed 03/15/21   Page 6 of 8 PageID #: 37

challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172 (4th Cir. 2014) (affirming dismissal of habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) ("The principle to be deduced from Preiser . . . appears to be that when the claim relat[es] to [conditions of confinement] . . . the suit [must be] a § 1983 action.").

Moreover, courts within this district have consistently held that challenges to conditions of confinement are not cognizable in habeas proceedings.  See Hargrove v. Masters, Civil Action No. 1:15-06930, 2017 WL 712758, at *2 (S.D.W. Va. Feb. 23, 2017) ("challenges to the conditions of [ ] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action"); see also Brown v. Zeigler, Civil Action No. 5:12-cv-01178, 2013 WL 4500473, at *6-7 (S.D.W. Va. Aug. 20, 2013); Daniel v. Craig, Civil Action Nos. 5:07-cv-00465, 5:07-cv-00577, 2008 WL 644883, at *2 (S.D.W. Va. Mar. 7, 2008); Berry v. McBride, Civil Action No. 5:05-cv-01134, 2006 WL 2861077, at *1 (S.D.W. Va. Oct. 5, 2006).

Until a higher court tells it otherwise, this court concludes that challenges to conditions of confinement are not cognizable in habeas proceedings under § 2241.  Therefore, plaintiff's objection is **OVERRULED**.

6

A district court possesses the power to dismiss an action for a pro se plaintiff's failure to prosecute or failure to comply with a court order sua sponte. Hurt v. United States Constitution, No. 5:15-CV-488-BO, 2015 WL 12916314, at *1 (E.D.N.C. Oct. 29, 2015) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Fed. R. Civ. P. 41(b)). In determining whether to dismiss a case involuntarily under Rule 41(b) of the Federal Rules of Civil Procedure, the court should consider (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. Id. (citing Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)).

The PF&R analyzes these factors above and recommends dismissal. Other than to say that he never received the court's May 8, 2020 order, plaintiff does not challenge the PF&R's analysis. Although the court would ordinarily be inclined to accept at face value plaintiff's unsubstantiated claim that he never received the court's order and grant additional time to comply with the order, it will not do so here because plaintiff has shown no interest in complying with the court's order and pursuing a Bivens action. He does not request additional time to amend his complaint and pay the filing fee or apply to

proceed without prepayment.  The docket indicates that he has not done so to date.

Therefore, the court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. The complaint is **DISMISSED** without prejudice;
2. The motion for a temporary restraining order is **DENIED**; and
3. The Clerk is directed to remove this case from the court's active docket.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 15th day of March, 2021.

ENTER:

*Daniel A. Faber*

David A. Faber
Senior United States District Judge